CARTER BERKELEY TAYLOR *vs.* JOHN EDWARD ADDICKS.

*Statute—Affidavit of Demand—Judgment at First Term—Character of Claim—Attorney ; Services of, not Itemized—Not Covered by Statute.*

The claim of an attorney for services, charged in one item in lump, rendered in one suit extending over seven years, and necessarily embracing many items, does not come under our statute, and judgment may not be had upon it at the first term upon an affidavit of demand as a book account regularly and fairly kept. Where such charge is not itemized, or is incapable of being itemized, it is not covered by the statute.

( *September 26, 1903.* )

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*John Biggs* for plaintiff.

*Walter H. Hayes* for defendant.

Superior Court, New Castle County, September Term, 1903.

SUMMONS CASE (No. 6, September Term, 1903). Motion for judment for want of affidavit of defense.

LORE, C. J.:—This is an action on a book account, which is as follows :

" July 1, 1903.

" John Edward Addicks

" To Carter Berkeley Taylor, Dr.

" To professional services rendered from May 9, 1893, down to and including October 23, 1900, in suit in Equity brought by the Mayor and Council of Wilmington, etc., *vs.* John Edward Addicks, John G. Baker, Frederick P. Addicks, Simon B. Conde and Samuel Austin ; subsequently the Mayor and Council of Wilmington *et al. vs.* John Edward Addicks and Oxy-Hydrogen Company, in the Court of Chancery of the State of Delaware...................................................................................$2,500."

*Biggs,* for the plaintiff, moved for judgment for plaintiff for want of affidavit of defense.

*Hayes,* for defendant objects, that the above stated item is not the subject for the recovery of judgment on affidavit of demand at the first term, as a book account regularly and fairly kept under the statute, and asks that judgment be refused.

In *Sloan vs. Grimshaw, 4 Houst., 326,* this Court held that plans of an architect for the erection of a building, charged in one item of $100, was not properly chargeable in a book account or to be proved by a copy of it appended to an affidavit of cause of action.

The item in this case is for professional services as an attorney, running from May 9, 1893, to October 23, 1900, a period of over seven years, in one unitemized charge of $2500, under date of July 1, 1903.

We can see no difference in principle between the services of an architect in plans for building a house, charged in one item in lump, and those of an attorney, charged in one item in lump, for

services in one suit, extending over seven years and necessarily embracing many items.

Where such charge is not itemized, or is incapable of being itemized, it does not come under our statute, and judgment may not be had upon it at the first term upon an affidavit of demand as a book account regularly and fairly kept.

Judgment is therefore refused.